Opinion
 

 CARMAN, Judge:
 

 In
 
 Saarstahl AG v. United States,
 
 78 F.3d 1539 (Fed.Cir.1996), the Court of Appeals for the Federal Circuit (Federal Circuit) reversed and remanded this Court’s decision in
 
 Saarstahl, AG v. United States,
 
 858 F.Supp. 187 (CIT1994). This Court subsequently remanded the action to the Department of Commerce (“Commerce” or “Department”) in
 
 Saarstahl AG v. United States,
 
 933 F.Supp. 1106 (CIT1996).
 

 Application of U.S. CIT R. 54(b)
 

 U.S. CIT R. 54(b) provides in part:
 

 When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.
 

 As explained by the Court,
 

 Underlying rule 54(b) is the recognition that with the liberal joinder of claims now permitted by the federal rules, the policy against piecemeal appellate review implicit in the “single judicial unit” rule must be weighed against the prejudice caused by unjustified delay which can occur when decisions final as to some claims cannot be entered until the litigation is final as to all claims. In other words, a claim may be certified for appeal under rule 54(b) if a decision on that claim represents a “final decision” in the sense of an ultimate disposition of an individual claim entered in the course of a multiple claim action and if there is no just reason for delay.
 

 Timken Co. v. Regan,
 
 5 CIT 4, 6, 1983 WL 4993 (1983) (citation omitted).
 

 This consolidated action raises certain issues related to privatization and certain issues not related to privatization. The present opinion will result in the final resolution of all privatization issues discussed in the
 
 Saarstahl Remand.
 

 The Court will enter final judgment using Rule 54(b) for purposes of rendering claims related to privatization immediately appeal-able.
 
 [1]
 
 Specifically, the Court will enter final judgment pursuant to Rule 54(b) in
 
 Saarstahl AG v. United States,
 
 Consol.Court No. 93-04-00219, consisting of
 
 Saarstahl AG v. United States,
 
 Court No. 93-04-00219 and
 
 Inland Steel Bar Co. v. United States,
 
 Court No. 93-04-00233, as to: (1) Count I in the complaint of Saarstahl AG filed in
 
 Saarstahl AG v. United States,
 
 Court No. 93-04-00219; and (2) the First Cause of Action in the complaint of Inland Steel Bar Company filed in
 
 Inland Steel Bar Co. v. United States,
 
 Court No. 93-04-00233. The Court’s decision resolving these privatization issues is a decision upon cognizable claims for relief. Having determined this Court is dealing with a “final judgment” on specific claims, the Court now determines the final judgment on the above-specified count in the Saarstahl complaint, and the above-specified count in the Inland Steel Bar Company complaint is immediately appealable under Rule 54(b).
 
 See Timken,
 
 5 CIT at 6. There is no just reason for delay. This Court’s decision in
 
 British Steel plc v. United States,
 
 924 F.Supp. 139 (CIT1996)
 
 (British Steel II), appeals docketed,
 
 Nos. 96-1401 to -06 (Fed. Cir. June 21,1996), which ruled upon privatization issues affecting other eases, is currently on appeal before the Federal Circuit. The parties and this Court have spent a great deal of time and other resources sifting through the privatization issues in this and other cases. In the interest of conserving judicial and party resources, the Court finds it more desirable that, if further issues of privatization are to be appealed, they are
 
 *900
 
 appealed by as many affected parties as possible, and as concurrently as possible with this Court’s prior decisions on these issues.
 

 Background
 

 Because the transaction at issue in the current proceeding is the same transaction at issue in the German aspect of
 
 British Steel plc v. United States,
 
 879 F.Supp. 1254 (CIT1995)
 
 (British Steel
 
 I),
 
 appeals docketed,
 
 Nos. 96-1401 to -06 (Fed.Cir. June 21, 1996),
 
 British Steel II,
 
 and
 
 British Steel plc v. United States,
 
 936 F.Supp. 1053 (CIT 1996)
 
 (.British Steel III),
 
 this Court, in its remand order in the present case, ordered Commerce to
 

 follow this Court’s opinion in
 
 British Steel plc v. United States,
 
 936 F.Supp. 1053 (CIT 1996) in performing its remand determination. Given that the relevant facts appear to be the same as those discussed in that opinion, Commerce may submit a remand determination virtually identical to the remand determination discussed in that opinion____
 

 Saarstahl,
 
 at 1107.
 

 Remand Determination
 

 On August 19, 1996, Commerce filed its
 
 Final Results of Redetermination Pursuant to Court Remand on Certain Factual Issues Regarding the Privatization in Germany
 
 (dated Aug. 19, 1996)
 
 (Saarstahl
 
 Remand). In the remand, Commerce refers to this Court’s order of April 30, 1996, wherein the Court instructed Commerce to address and make findings regarding seven issues concerning the privatization at issue in
 
 Certain Steel Products from Germany,
 
 58 Fed.Reg. 37,315 (Dep’t Comm.1993) (final determ.), in light of the Court’s decisions in
 
 British Steel I
 
 and
 
 British Steel II. See British Steel pic. v. United States,
 
 Consol. Court No. 93-09-00550-CVD (CIT April 30, 1996) (order). Commerce subsequently filed the
 
 Final Results of Redetermination Pursuant to Court Remand on Certain Factual Issues Regarding the Privatization in Germany
 
 (dated May 22, 1996)
 
 (German Steel Remand),
 
 which the Court affirmed in
 
 British Steel III.
 

 In the
 
 Saarstahl Remand,
 
 Commerce explains it “reprinted the Court’s seven questions without alteration as contained in its order of April 30, 1996. The Department’s responses are virtually identical as well.”
 
 Saarstahl Remand
 
 at 3. Commerce continues:
 

 The Department’s responses vary slightly from those contained in the
 
 German Steel Remand.
 
 Whereas the
 
 German Steel Remand
 
 cites to the relevant documents contained in the record of that proceeding, the current remand determination cites to the
 
 German Steel Remand
 
 itself, as affirmed by the Court in
 
 British Steel III.
 
 As the Court noted in its Order of August 13, 1996, the facts in the two proceedings are virtually identical. Additionally, the relevant source documents contained in that record are contained in this record as well.
 

 Id.
 
 at 3 n. 1.
 

 Comments on
 
 Saarstahl Remand
 

 Plaintiff Saarstahl AG argues the
 
 Saarstahl Remand
 
 was unlawful. Saarstahl contends “Commerce must decide this matter based upon the administrative record submitted in this case” and “may not simply import the administrative determination made in a separate case with a separate administrative record.” (Saarstahl AG Comments on Remand Determination at 1 (footnote omitted).) Saarstahl also argues “Commerce’s failure to allocate a portion of the purchase price paid during the privatization of Saarstahl Volklingen GmbH to the repayment of previously bestowed subsidies violates
 
 Saarstahl AG v. United States,
 
 78 F.3d 1539, 1544-45 (Fed. Cir.1996).”
 
 (Id.
 
 at 5.) Finally, Saarstahl insists “DHS Dillinger Hütte Saarstahl AG did not remain ‘for all intents and purposes’ the same entity as Saarstahl Volklingen GmbH.”
 
 (Id.)
 
 The balance of Saarstahl’s comments relates to non-privatization issues and will be addressed in a future, separate opinion.
 
 [2]
 

 Discussion
 

 Saarstahl’s argument concerning the administrative record has no merit. The fact
 
 *901
 
 that the analysis and discussion in the
 
 Saarstahl Remand
 
 is virtually identical to that contained in a previous remand determination does not mean Commerce has reached beyond the administrative record in this case. It simply underscores the factual similarity between the transactions at issue in both the
 
 Saarstahl Remand,
 
 and the
 
 German Steel Remand.
 

 In accordance with this Court’s opinions in
 
 British Steel I, British Steel II,
 
 and
 
 British Steel III,
 
 and upon consideration of the comments of Saarstahl relating to privatization, this Court affirms those aspects of the
 
 Saarstahl Remand
 
 pertaining to the issue of privatization for the reasons set forth in
 
 British Steel III
 
 (affirming the remand determination concerning Saarstahl AG’s sister company, AG der Dillinger Hiittenwerke).
 
 [3]
 

 Conclusion
 

 The Court holds: (1) those aspects of the
 
 Saarstahl Remand
 
 pertaining to the issue of privatization are supported by substantial evidence and are otherwise in accordance with law; (2) the Court will enter final judgment pursuant to Rule 54(b) in
 
 Saarstahl AG v. United States,
 
 Consol. Court No. 93-04-00219, consisting of
 
 Saarstahl AG v. United States,
 
 Court No. 93-04-00219 and
 
 Inland Steel Bar Co. v. United States,
 
 Court No. 93-04-00233, as to: (a) Count I in the complaint of Saarstahl AG filed in
 
 Saarstahl AG v. United States,
 
 Court No. 93-04r-00219; and (b) the First Cause of Action in the complaint of Inland Steel Bar Company filed in
 
 Inland Steel Bar Co. v. United States,
 
 Court No. 93-04-00233; (3) plaintiffs motion for oral argument is denied.
 

 Order
 

 This case having been duly , submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision it is hereby
 

 ORDERED that those aspects of the Department of Commerce’s
 
 Final Results of Redetermination Pursuant to Court Remand on Certain Factual Issues Regarding the Privatization in Germany
 
 (dated Aug. 19, 1996), pertaining to the issue of privatization are sustained; and it is further
 

 ORDERED that final judgment is entered pursuant to Rule 54(b) in
 
 Saarstahl AG v. United States,
 
 Consol. Court No. 93-04-00219, as to: (a) Count I in the complaint of Saarstahl AG filed in
 
 Saarstahl AG v. United States,
 
 Court No. 93-04-00219; and (b) the First Cause of Action in the complaint of Inland Steel Bar Company filed in
 
 Inland Steel Bar Co. v. United States,
 
 Court No. 93-04-00233; and it is further
 

 ORDERED that plaintiffs motion for oral argument is denied.
 

 [1]
 

 . Those issues raised in
 
 Saarstahl AG v. United States,
 
 Consol. Court No. 93-04-00219, that are not dependent in any way on privatization will be addressed in a future, separate opinion.
 

 [2]
 

 . Plaintiff was the only party submitting comments on the
 
 Saarstahl Remand.
 

 [3]
 

 . Before this action was remanded to Commerce, plaintiff moved for oral argument to “permit the parties to more fully explain their positions to the Court and ... [to] give the Court an opportunity to question the parties concerning their positions.” (Mot. for Oral Argument by Saarstahl AG at 2.) The Court does not believe that counsels’ oral elucidation of the parties' positions or contentions regarding the
 
 Saarstahl Remand
 
 would be productive or further advance the interests of the parties. Accordingly, the Court is exercising its discretion to deny plaintiff's motion for oral argument. The Court notes, however, oral argument may be appropriate to assist the Court in resolving those issues that are not dependent in any way on privatization and which will be addressed in a future, separate opinion.